UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DECARLO A. GARNER, JR.,                    )
                                           )
                Plaintiff,                 )
                                           )
v.                                         )          No. 3:25-CV-462-KAC-DCP
                                           )
FAST PACE HEALTH URGENT CARE,              )
*et al*.,                                  )
                                           )
                Defendants.                )

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court

on Plaintiff's Complaint [Doc. 1] and his Application to Proceed in District Court Without

Prepaying Fees or Costs ("Application") [Doc. 2]. For the reasons more fully stated below, the

Court **HOLDS IN ABEYANCE** Plaintiff's Application [**Doc. 2**].

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen

complaints. 28 U.S.C. § 1915.[1] To accomplish this end, the Court must evaluate the litigant's

indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. §

1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief." To survive an initial review, a complaint "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

---

[1]     Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts also have a continuing duty to ensure that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A.    Summary of the Complaint

Plaintiff names the following Defendants: (1) Fast Pace Health Urgent Care ("Defendant Fast Pace"); (2) Old Ben Franklin Motors ("Defendant Old Ben"); (3) PSI Testing Center ("Defendant PSI"); (4) Truist Bank ("Defendant Truist"); (5) Eagle Bend Manufacturing, Inc. ("Defendant Eagle Bend"); and (6) K.C.D.C. ("Defendant KCDC") [*See* Doc. 1 pp. 1–9].

Plaintiff's Complaint consists of thirty-six pages, twenty of which are attached documents, consisting of various letter, invoices, notices, earnings statements, Better Business Bureau Complaints and towing reports [*Id.* at 16–36]. The Complaint appears to set forth a hodgepodge

of individual claims against different parties based on separate events with no common tie. Plaintiff claims that Defendant Fast Pace violated HIPPA laws "by releasing [his] information to someone in all black clothing" on various dates between March and May 2024 [*Id.* at 5]. He alleges that Defendant Old Ben "committed fraud and falsified paperwork," noting he is owed a free wash and "dates [he] paid for service [he] never received" [*Id.* at 14]. With regard to Defendant PSI, Plaintiff maintains that on the day he was scheduled to take an exam, the proctor cursed at him and "showed racism towards [him]" and that the materials he had paid for were not at the testing center [*Id.* at 12]. Plaintiff states that Defendant Truist Bank has been "committing fraud since 04/5/2024 in [his] name," noting "Danielle Zager is one of the person[]s [who] committed fraud in [his] name" [*Id.* at 7]. As for Defendant Eagle Bend, Plaintiff alleges no facts supporting any claim against them, but he attaches two earnings statements [*Id.* at 32–33]. Similarly, Plaintiff alleges no facts supporting any claim against Defendant KCDC but attaches a letter dated January 27, 2025, from "KCDC Admissions" addressed to a generic "Applicant" [*Id.* at 17].[2]

Plaintiff states that he seeks a "settlement for [himself] multi-billion dollar[s]; those guilty of crimes sent to prison; all [his] debt to [be] cancelled with a cancellation of debt [from] IRS; and [a] new name and social security number" [*Id.* at 3].

There are several deficiencies in the Complaint. First, Plaintiff has not pleaded that the Court has jurisdiction. *See* Fed. R. Civ. P. 8(a). Federal courts have limited jurisdiction. *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344 (6th Cir. 2008). "Generally speaking, the

---

[2] The Court notes that Plaintiff includes some other general allegations but fails to set forth any facts and/or identify or name a defendant. [*See* Doc. 1 p. 8 (alleging "[he] was assaulted by Jerry Whitcomb and [that] the Clinton Police was [there]" but names neither as a defendant); *Id.* at 9 (identifying "Magna International" but failing to set forth any facts asserting a claim against it; *Id.* at 11 (claiming "a white powder substance was illegally put in [his] drink at Taco Bell" but names no defendant); and *Id.* (alleging "someone is trying to kill me and steal my identity") with no supporting facts or identification of a defendant)].

3

Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties." *McGhee v. Light*, 384 F. Supp. 3d 894, 896 (S.D. Ohio 2019) (quoting *EBI-Detroit, Inc.*, 279 F. App'x at 344). Specifically, under 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Here, the only federal claim the Court can discern is a HIPAA violation, but there is no private right of action for that claim. *Smith v. Louisville Metro Police Jail*, No. 3:21-CV-P533, 2022 WL 1306743, at *4 (W.D. Ky. May 2, 2022) "[P]rivate citizens have no standing to sue a covered entity for a violation of HIPAA." (citing *Thomas v. Dep't of Health & Human Servs., Office for Civil Rights*, No. 17-6308, 2018 WL 5819471, at *2 (6th Cir. Aug. 24, 2018)). The Court therefore may not have federal question jurisdiction over this case.

In addition, pursuant to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States." Plaintiff does not allege any facts supporting diversity jurisdiction.

Second, the undersigned notes that Plaintiff's Complaint violates Rule 20 of the Federal Rules of Civil Procedure, the rule governing joinder of defendants in federal litigation, which provides, in part, that:

> Person[s] ... may be joined in one action as defendants if:
>
> (A)   any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B)   any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

A review of the Complaint reveals that Plaintiff alleges distinct acts committed by unrelated parties at different times and places. The undersigned cannot discern any single, coherent connection between these various claims that would tie them together in any way. Without some further articulation of a unifying thread connecting these claims, the joinder of them in a single lawsuit is inappropriate under Rule 20 given the varied proofs and defendants that will be associated with the different claims. While "the requirements of prescribed by Rule 20(a) are to liberally construed in the interest of convenience and judicial economy[,] . . . Rule 20 is not a license to join unrelated claims and defendants in one lawsuit" *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (quoting *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, *4 (D.N.J. 2008)); *see also Brown v. Chambers-Smith*, No. 1:24-CV-690, 2025 WL 1833132, at *3 (S.D. Ohio July 3, 2025) ("[D]iscrete events involving different parties have no bearing on one another and cannot be grounds on which to join parties.").

Third, the undersigned finds that Plaintiff's Complaint violates Rule 8 as he fails to "connect specific facts or events with the various causes of action []he asserted." *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392 (6th Cir. 2020) (quoting *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013)). For instance, Plaintiff references fraud committed by Defendants Old Ben but gives no detail other than he is owed a car wash and that he paid for services that were not received, and he attaches two invoices dated March 1 and June 23, 2025 [Doc. 1 pp.14, 28, 35]. "The Complaint's factual allegation must be 'sufficient to give notice to the defendants as to what claims are alleged,', and to enable the Court to determine the viability of those claims." *Boone v. Viral Podcast*, No. 3:26-cv-449, 2025 WL 3709012, at *2 (M.D. Tenn. Dec. 22, 2025) (quoting *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)). And, "[n]either the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order

5

to glean a clear and succinct statement of each claims for relief." *Id.* (alteration in original) (quoting *Windsor v Colorado Dep't of Corr.*, 9 F. App'x 967, 968 (10th Cir. 2001)). Plaintiff's other purported claims likewise suffer from this same or similar deficiency of lack of sufficient detail.

Although the Plaintiff is proceeding pro se, he is not excused from complying with the Federal Rules of Civil Procedure. *See Buckner v. Hilton Glob.,* No. 3:24-CV-375 2025 WL 890175, at *13 (W.D. Ky. Mar. 21, 2025), *aff'd sub nom. Buckner v. Hilton Worldwide Holdings Inc.*, No. 25-5354, 2025 WL 4693129 (6th Cir. Oct. 28, 2025) ("The fact that [a] civil action is pursued *pro se* does not relieve [a] party from compliance with the Federal Rules of Civil Procedure."); *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999) (finding that *pro se* litigants are required to follow the rules of civil procedure).

Instead of recommending dismissal, the Court will allow Plaintiff an opportunity to amend his Complaint in light of his pro se status. In his amended complaint, Plaintiff shall provide a short and plain statement of the relevant facts supporting his claims. *See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint should provide, to the extent applicable, the following details:

      a)  the names and titles of all [defendants if known];

      b)  . . . all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

      c)  . . . the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

      d)  . . . the location where each relevant event occurred;

      e)  . . . how each defendant's acts or omissions violated Plaintiff's rights and . . . the injuries Plaintiff suffered; and

      f)  . . . what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

6

*Polite v. VIP Cmty. Servs.*, No. 20-CV-7631, 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020). "Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Id*.; *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference). Plaintiff **SHALL** file his amended complaint on or before **July 8, 2026.**

        **IT IS SO ORDERED.**

                                                        ENTER:

                                                        Debra C. Poplin
                                                        United States Magistrate Judge